*10cv 3067*
*RHK/JJK*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

**Darryl Maurice Robinson,**

                     Court File No.:

          **Plaintiff,**           __ - __ - _____ ( ___ / ___ )

      **v.**

**City of Minneapolis,** a government entity and
political subdivision of the state of Minnesota,

**Mark Lanasa,** individually and in his capacity
as a Minneapolis police officer, Badge #3948,

**James Archer,** individually and in his capacity
as a Minneapolis police officer, Badge #0177,

**Hennepin County,** a government entity and
political subdivision of the state of Minnesota,
and

**Deputies "a-x",** individually and in their
capacities as a Hennepin County Deputy
Sheriffs,

            **Defendants.**

---

**COMES NOW THE PLAINTIFF WITH HIS CAUSE OF ACTION,**

**STATES AND ALLEGES THE FOLLOWING:**

### Introduction

      This is a case of common law battery, common law negligence, assault,

false imprisonment, false arrest, malicious prosecution, and infliction of excessive

SCANNED
JUL 20 2010
U.S. DISTRICT COURT MPLS

1

unreasonable force in violation of clearly established law prohibiting infliction of excessive, unreasonable force in violation of the Fourth and Fourteenth Amendments to the United States Constitution, protected through 42 U.S.C. § 1983.

**Subject Matter Jurisdiction and Supplemental Jurisdiction**

1. This lawsuit states claims that arise under the United States Constitution an the laws of the United States.

2. This lawsuit states claims that arise under the laws of the state of Minnesota

3. This court has subject matter jurisdiction in accordance with 28 U.S.C. §§ 1331 and 1343(a)(4) and supplemental jurisdiction over plaintiff's state law claims in accordance with 28 U.S.C. § 1367.

**Venue**

4. This lawsuit states claims from 20 May 2008 that arise from acts that took place in the city of Minneapolis, Hennepin County, state of Minnesota, in the Third Division of the United States District Court for the District of Minnesota.

5. The plaintiff lays venue in this court in accordance with 28 U.S.C. § 1291 and LR D. Minn. 83.11

**Parties**

6. The plaintiff is an adult male, residing and domiciled at 624 South Cedar Lake Road, Minneapolis, MN 55405.

2

7. The defendant city of Minneapolis is a government entity and political subdivision of the state of Minnesota, and is the county seat of Hennepin County, Minnesota.

8. The defendant Mark Lanasa is an adult individual, and at all times relevant to this lawsuit, a licensed peace officer in the employ of the city of Minneapolis, badge #3948 and acting under color of law in his individual capacity as a Minneapolis police officer.

9. The defendant James Archer is an adult individual, and at all times relevant to this lawsuit, a licensed peace officer in the employ of the city of Minneapolis, badge #0177 and acting under color of law in his individual capacity as a Minneapolis police officer.

10. The defendant Hennepin County is a government entity and political subdivision of the state of Minnesota.

11. The defendant deputies "a-x" are adult individuals, and at all times relevant to this lawsuit, licensed peace officers in the employ of the city of Hennepin County, badge #'s ???? and acting under color of law in their individual capacities as a Hennepin County deputy sheriffs.

**The Facts**

12. About 10:25 p.m., 20 July 2008, Mr. Robinson was peacefully observing and recording police activity in the area of 10th Street at Hawthorne Avenue in Minneapolis, Hennepin County. Robinson is a member of Communities United Against Police Brutality (CUAPB), a citizen and victims' organization which "copwatches" and records incidents of police misconduct.

12. Mr. Robinson was the successful plaintiff in a Violation of Civil Rights lawsuit against Minneapolis and its police department in 2003.

13. Minneapolis is reported as second in the nation for police misconduct reports for cities employing over 500 but under 1,000 law enforcement officers.

14. Mr. Robinson had been the target of several previous incidents of police misconduct.

15. Two Minneapolis police officers, Defendants Lanasa and Archer, cruising and trolling the area in "booking van 149", told Mr. Robinson he had to leave where he was sitting.

16. Robinson told the officers he and at least one other were doing "copwatch" to which the defendant Lanasa replied, "I don't give a fuck what you're doing!"

17. Mr. Robinson had violated no laws, possessed no contraband, was not armed and was not endangering anyone.

18. The defendant Lanasa approached Robinson, knocked his cell phone and CamCorder out of his hands, grabbed him, handcuffed him, put him in a chokehold (referred to as a benign "headlock" by Lanasa), rode him to the ground, knocked him unconscious, threw him into the back of the van and brought him to the Hennepin County jail.

19. Robinson was arrested for obstructing a sidewalk (by sitting on a concrete barrier which was obstructing the sidewalk), obstructing legal process (by observing impermissible police conduct) and failing to obey a police order (to stop sitting and observing) all of which charges and accusations were subsequently dismissed.

19. At the Hennepin jail, Mr. Robinson was verbally and physically assaulted by at least three (3) deputies, a female and a male at booking, and another, appearing to be of Asian extraction, in Robinson's cell, all of whom pushed Robinson's face into walls, one at booking, one in his cell.

20. The defendants, jointly and severally, individually and in their respective capacities as employees of the City of Minneapolis and its police force and of Hennepin County and its Sheriff's department committed tortious acts, illegal acts and acts in violation of Mr. Robinson's Constitutional Rights.

21. Mr. Robinson suffered physical injury as the direct result of these acts.

22. Mr. Robinson suffered severe emotional distress as the result of these acts.

23. Mr. Robinson suffered property damage as a result of these acts.

24. Mr. Robinson suffered damages as a direct result of the defendants' failure to perform their ministerial duties to exercise due care in dealing with him.

25. Mr. Robinson suffered damages in excess of $75,000, or such sum as the jury shall find.

## CLAIM I: FALSE IMPRISONMENT

26. The plaintiff alleges each claim and averment above.

27. The defendants, jointly and severally, falsely imprisoned the plaintiff without his consent, and without other lawful authority.

28. The defendants inflicted damages upon the plaintiff in excess of $75,000.

## CLAIM II: COMMON LAW ASSAULT

29. The plaintiff alleges each claim and averment above.

30. The defendants, jointly and severally, inflicted common law assault upon the person of the plaintiff.

31. The defendants inflicted damages upon the plaintiff in excess of $75,000.

## CLAIM III: COMMON LAW BATTERY

32. The plaintiff alleges each claim and averment above.

33. The defendants, jointly and severally, inflicted common law battery upon the person of the plaintiff.

34. The defendants inflicted damages upon the plaintiff in excess of $75,000.

## CLAIM IV: COMMON LAW FALSE ARREST

35. The plaintiff each claim and averment above.

36. The defendants, jointly and severally, without probable cause, without consent, and without lawful authority inflicted common law false arrest upon the person of the plaintiff.

37. The defendants inflicted damages upon the plaintiff in excess of $75,000.

## CLAIM V: COMMON LAW FALSE IMPRISONMENT

38. The plaintiff alleges each claim and averment above.

39. The defendants, jointly and severally, without probable cause, without consent, and without lawful authority inflicted common law false arrest upon the person of the plaintiff.

40. The defendants inflicted damages upon the plaintiff in excess of $75,000.

## CLAIM VI: COMMON LAW NEGLIGENCE

41. The plaintiff alleges each claim and averment above.

42. The defendants, jointly and severally, failed to exercise their duty of ordinary care in dealing with plaintiff, so as to protect him from infliction of unreasonable force.

43. The defendants, failed to act, or committed acts constituting negligence toward plaintiff and caused damages in excess of $75,000.

## CLAIM VII: COMMON LAW MALICIOUS PROSECUTION

44. The plaintiff alleges each claim and averment above.

45. The defendants, jointly and severally, in their individual capacities, in their capacities under color of law in the cases of individual peace officers:

- restrained the liberty of plaintiff without probable cause, consent, or other lawful authority,

- caused plaintiff to be jailed and held in custody without probable cause,

- caused plaintiff to be charged with and prosecuted obstructing a sidewalk, obstructing a legal process and disobeying a police person when there was no probable cause, and

- caused plaintiff to be charged and prosecuted for obstructing a sidewalk, obstructing a legal process and disobeying a police person with malice, for which charges he prevailed in the prosecution.

46. The defendants inflicted damages upon the plaintiff in excess of $75,000.

## CLAIM VIII: INFLICTION OF EXCESSIVE, UNREASONABLE FORCE IN VIOLATION OF U.S. CONST. AMEND. IV AND XIV, THROUGH 42 U.S.C. § 1983

47. The plaintiff alleges each claim and averment above.

48. The defendants Mark Lanasa and Deputies "a-x" individually and in their capacity under color of law as a Minneapolis or Hennepin peace officers, inflicted excessive, unreasonable force upon plaintiff without probable cause, without

consent, and without lawful authority, in violation of plaintiff's clearly established right to be free from infliction of excessive, unreasonable force in violation of the Fourth and Fourteenth Amendments to the United States Constitution, protected through 42 U.S.C. § 1983, under the circumstances that plaintiff encountered on 20 July 2008.

49. The defendants Lanasa and "a-x" inflicted damages upon plaintiff in excess of $75,000.

**CLAIM IX: FAILURE TO INTERVENE TO PREVENT INFLICTION OF EXCESSIVE, UNREASONABLE FORCE IN VIOLATION OF U.S. CONST. AMEND. IV AND XIV, THROUGH 42 U.S.C. § 1983.**

50. The plaintiff alleges each claim and averment above.

51. The defendants Archer and deputies "a-x" jointly and severally, in their individual capacities, acting under color of law as Minneapolis and Hennepin peace officers, caused infliction of excessive, unreasonable force upon the plaintiff's person by their knowing failure to intervene to prevent defendants Lanasa and "a-x" from assaulting and injuring plaintiff without lawful authority, in violation of the plaintiff's clearly established right to be free from infliction of excessive, unreasonable force in violation of the Fourth and Fourteenth Amendments to the United States Constitution, protected through 42 U.S.C. § 1983, under the circumstances that plaintiff encountered on 20 July 2008.

52. The defendants Archer and Crouch inflicted damages upon plaintiff in excess of $75,000.

**CLAIM X: UNREASONABLE SEIZURE, IN VIOLATION OF U.S. CONST. AMEND. IV AND XIV, THROUGH 42 U.S.C. § 1983.**

53. The plaintiff alleges each claim and averment above.

54. The defendants, jointly and severally, unreasonably seized the plaintiff's person and caused his wrongful confinement in Hennepin County Jail, without probable cause or other lawful authority, in violation of the plaintiff's clearly established right to be free from unreasonable seizure in violation of the Fourth and Fourteenth Amendments to the United States Constitution, protected through 42 U.S.C. § 1983, under the circumstances that plaintiff encountered on 20 July 2008.

55. The defendants inflicted damages upon the plaintiff in excess of $75,000.

**WHEREFORE PLAINTIFF DEMANDS THE FOLLOWING RELIEF:**

**A. Judgment for the plaintiff against the defendants, jointly and severally;**

B. General damages in excess of $75,000, or such sum as the jury may award;

C. Punitive damages against defendants Lanasa and Deputies "a-x" in excess of $75,000 for violation of plaintiff's clearly established Fourth and Fourteenth Amendment right to be free from infliction of excessive, unreasonable force and unreasonable seizure, or such sum as the jury may award;

D. Costs and disbursements as authorized by law;

D. Reasonable attorney fees against defendants Lanasa, Archer, Deputies "a-x" and Sgt. Deputy Crouch,jointly and severally, in accordance with 42 U.S.C. § 1988; and

E. All other legal and equitable relief appropriate under the circumstances.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL CLAIMS TRIABLE TO THE JURY.

## VERIFICATION

Having reviewed the summons and complaint in this lawsuit, I aver and affirm that the facts alleged in this complaint, subject to all qualifications of statements made on information and belief, are true to the best of the my present knowledge.

Date: 20 July 2010

x _____

Darryl Robinson

STATE OF MINNESOTA       )
                                              ) SS.
COUNTY OF RAMSEY       )

Subscribed and affirmed before me this 20th day of July 2010.

_____
Notary Public

Theodore J. Daley
commission 608958
Ramsey County, Minnesota
expiry: 01/31/2015

9

Date: _20 July 10_

Respectfully submitted:

TED DOOLEY LAW OFFICE, LLC

/s/ Ted Dooley

Ted Dooley, #189582
Attorney for the plaintiff
1595 Selby Avenue, Suite 100
St. Paul, MN 55104
Tel. 651.292.1515/FAX 651.292.0415
Email: teddooleylaw@winternet.com